Civil Rights Complaint Form
42 U.S.C. § 1983

Randy Jay Haley,
inmate # 475864,
Plaintiff,

V.

Case No: 5:19cv271 TKW-MJF

Mark Inch, DOC,

James Blackwood,

Mrs. Ponder,

Noel Mercer,

Carolynn Smith.,
Defendant(s)

FILED USDC FLND PN
AUG 12 '19 PM2:25

I. <u>Plaintiff</u>:

<u>Randy Jay Haley</u> # 475864
C.F.R.C. - East Unit
J-2 139-S
7000 H C Kelly Road
Orlando, Florida
    32831

II. <u>Defendant(s)</u>:

(1)   Mark Inch, Secretary of the Department of Corrections:

   301 South Monroe Street
   Tallahasse, Florida

(2)   <u>James Blackwood</u>, Warden of Gulf C.I.

(3)   <u>Ms. Ponder</u>, Assistant Warden of Gulf C.I.

(4)   <u>Noel Mercer</u>, Major at Gulf C.I.

<u>Notice to Court</u>: Gulf C.I., 699 Ike Steele Rd. in Wewahitchka, Florida 32465 has been closed down due to hurricane Michael and Plaintiff Haley has no forwarding addresses for Defendants (2) thru (5).

p.(2)

(5) <u>Carolynn Smith</u>, Correctional Officer at Gulf C.I.

<u>Previous State Court Action</u>:

<u>Defendant(s)</u>:

(a) <u>Mark Inch</u>, Secretary, Dept. of Corr. v.

<u>Plaintiff(s)</u>:

(b) <u>Randy Haley #475864</u>

(c) Judge: <u>John C. Cooper</u> Case # <u>2018-CA-790</u>

(d) County and Circuit: <u>Leon County / 2nd judicial circuit</u>.

(e) Approximate Filing date: <u>May of 2018</u>

(F) Denied on: <u>March 5th, 2019</u>.

(G) Reason for dismissal: there was no clear legal reason given. However, it appears that John C. Cooper, Circuit judge may have denied motion based upon D.R. Log # 150-171360 where Plaintiff Haley failed to present an atypical hardship because Plaintiff did not lose any gain time in that D.R. Log # <u>150-171360</u>.

p.(3)

The Lower Court failed to consider D.R. Log # 150-171144 where the Plaintiff did lose 200 days gain time.

(h) There is an appeal pending, Case Number 1D19-1367 filed on May 20, 2019. Both D.R.'s are one combined case action.

\* Federal Court Actions dealing with same or similar Facts / Issues involved in this Action:

1. (a) Randy Jay Haley v. James Blackwood, et al., Defendants, Case No.: 5:18-cv-225-MCR/MJF.

Reason for dismissal: Plaintiff incorrectly answered a question on the 42 U.S.C. § 1983 Form, that was based upon previous filings with this Honorable Court. See

Dismissed on January 22, 2019 by the Honorable M. Casey Rodgers, without prejudice, to refile.

\* Other actions in Federal Court are as follows:

2. (a) Haley v. Sec'y Dept. of Corr., et al., Case No. 8:11-cv-01361-RAL-AEP, Complaint, ECF No. 1 (M.D. Fla. June 20, 2011).

The district court entered a judgment in favor of the Respondents on July 6, 2012. Judge Virginal Covington, rendering discision.

p. (4)

(b) HALEY V. SEC'y DEPT. OF CORR., et al., CASE NO.: 8:12-CV-0150-VMC-AEP, COMPLAINT, ECF NO. 1 (M.D. FLA. MAY 10, 2012). Discision,

The district court entered an order in favor of Respondents on January 28, 2018. Judge: CAN'T REMEMBER.

<u>FACTS AND CLAIMS OF THE CASE</u>: Plaintiff Asserts that the Defendant's violated his Eight Amendment Right which prohibits CRUEL AND UNUSUAL punishment.

<u>STATEMENT OF FACTS</u>:

On June 21, 2017, a small disturbance broke out at Gulf Correctional Institution. C/o Smith and a training Assistant came into O-3 dormatory and ordered all inmates to their Rooms And to secure their cell doors.

All inmate's, including the Plaintiff complied with securities orders, except one inmate who was standing in his door way. Inmate "Bothers" And C/o Smith got into a stand off. Inmate "Brothers" saying that he was in his Room And C/o Smith stating that door way was not inside the Room.

Once C/o Smith realized that she was not going to get inmate "Bother's" out of his door way, she became fraustrated and left and went into the hall way to call the Rapit Response team (RRT) and the Dart team on her Radio to say that all inmates were not complying with her orders. (A direct Lie).

p.(5)

The Rapit Response team came into the dormatory and secured all the doors to the inmates cells. All was quiet and no need for excessive force. However, a member from the DARt team came into O-3 dormatory and fired two rounds of CS gas and then stepped out of the building.

Plaintiff was locked into his room for over an hour coughing, vomiting, itching and using the toilet 3 times without being able to flush because the water had been shut off prior to DARt teams entry.

Plaintiff's eyes became really red and waterly and his nose would not stop running. As denoted, there was no water to rinse off with and also, the exhust fans were shut off prior to DARt teams entry and CS gas being administered. Plaintiff had never experienced this type of treatment before and literly thought he was going to die.

After an hour or so, the DARt team came back into O-3 dormatory and moved all inmates to Q-2 dormatory without being provided the decomtamination process as required by Florida's Chapter 33 policity which requires that DOC provide showers and clean clothes within 20 minutes after being exposed to any chemical agent.

Plaintiff was denied a shower for 3 days and was forced to wear the same comtaminated clothes for at least 5 days.

Plaintiff was also denied medical attention, medi-emergency, sick-call, phychological treatment and all other available help that should have applied to this situation. He was denied soap, toothpaste, a tooth brush, bed roll and toilet paper for 3 days.

Because Plaintiff was not able to take a shower for 3 days, he contends that he has developed a constant itch and right now has hundreds of red spots that the nurses and doctor's have not been able to figure out the cause after Plaintiff has filed at least 12 sick-calls and seeing Doctor 3 times. Unequivocally, the Plaintiff asserts that the hundreds of red spots on his person and the itching was caused by the CS gas and DOC's inactions as mentioned herein.

Before this incident, Plaintiff had 20/20 vision. Now doctor Suber at Gulf C.I. says that Plaintiff is blind as a bat (his own words) and reffered Plaintiff to see an eye doctor, which Plaintiff is still waiting for two (2) years later. Moreover, Plaintiff's stress level has increased twofold and he has night mares, due to DOC's actions and neglect.

To make matters even worst, the listed Defendant's conspired together and wrote Plaintiff two (2) frivolous D.R.'s in an effort to hide, conceal or cover up the fact that listed Defendants failed to follow proper DOC policity procedures when they wrongly administered the CS gas and constitutionally violated Plaintiff's Eight Amendment Right which prohibits cruel and unusual punishment.

\* Not being able to rinse eyes out for over 2 hours has caused CS gas to inflict permament damage to Plaintiff's eyes. Not being able to take shower after CS gas applied for 3 days and then having to put back on same clothes for 2 more days for a total of 5 days has p. (7) caused a long lasting or permament skin problem.

## IN SUM

Petitioner contends that his Eight Amendment right was purposely violated by the listed defendants when they conspired together to write fabricated D.R.'s in an effort to hide, conceal or cover up the cruel and unusual punishment as described herein that they erroneously bestowed upon the plaintiff.

## Relief Requested

Plaintiff seeks 2.5 million dollars for physical and mental health damages caused by the defendants.

## Oath

I declare under penalties of perjury that the foregoing statement of facts, including any and all continuation of pages, are true and correct.

Dated on this 20th day of June 2019.

/s/ Randy Jay Haley
Randy Jay Haley #475864

## Certificate of Service

I declare (or cerify, verify, or affirm) under penalty of perjury that this complaint was hand delivered to prison officials for mailing to the U.S. District Court for the Northern District of Florida - Panama City Division on this 20th day of June 2019.

/s/ Randy Jay Haley
Randy Jay Haley #475864
C.F.R.C.- East  J-2 139-S
7000 HC Kelly Road
Orlando, Florida 32831

Plaintiff further sayeth naught.

p.(8)